## LOUISIANA OIL REFINING CORPORATION v. J. P. DUHE.
### No. 1193.

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1933.

Burke & Smith, of New Iberia, for appellant.

C. Arthur Provost, of New Iberia, for appellee.

ELLIOTT, Judge.

Louisiana Oil Refining Corporation claims of J. P. Duhe the sum of $453.46 as the balance due on an account.

Duhe for answer denies owing the amount claimed of him. There was judgment in favor of the plaintiff as prayed for. Defendant has appealed.

The evidence shows that the plaintiff sold and delivered carload lots of crude oil to the defendant; the various consignments amounting in the aggregate to $4,321.79. The defendant made payments on account at different times, in all amounting to $3,868.33. The defendant claims that the payments made leave nothing due the plaintiff; that plaintiff's account, on which it has sued, contains an error to the extent of the amount claimed.

It appears to us that plaintiff's account, as now made out and sued on, is correct, but did formerly contain error. The error consisted in the fact that a consignment, dated July 2, 1930, in amount $453.46, was at first, through error on the part of the plaintiff, not charged to the defendant, but to the Crystal Oil Refining Corporation. While the account contained this error, defendant was sent a statement showing that the balance due by him to the plaintiff was $223.72. The defendant remitted this amount, and takes the position that this remittance settled his account in full.

The plaintiff subsequently discovered the error, which had been made in the way stated. The parties could not reach an agreement after considerable correspondence, and on the trial of the case defendant still insisted that he had paid all he owed. But we are satisfied from the evidence that error existed in plaintiff's account against the defendant in the way and to the extent claimed by the plaintiff. The plaintiff had the right, of course, to correct its account and charge the omitted consignment to the defendant. The defendant justly owes it. The lower court so decided; the judgment appealed from is correct.

The confused situation resulting from the error was calculated to lead to a dispute. It is our conclusion that the evidence shows the error beyond reasonable doubt, but plaintiff's error is responsible for the controversy, and on that account we have decided to divide the costs between the parties. For these reasons the judgment appealed from is affirmed to the extent that it is in favor of the plaintiff and against the defendant for $453.46, with interest as stated in the judgment, but it is ordered that one-half of the costs in both courts be paid by the plaintiff, and the other one-half by the defendant.